1  Victor M. Sher, SBN 96197
2  Todd E. Robins, SBN 191853
   Esther L. Klisura, SBN 221171
3  Jed J. Borghei, SBN 257049
   SHER LEFF, LLP
4  450 Mission Street, Suite 400
   San Francisco, CA 94105
5  Telephone: (415) 348-8300
   Facsimile: (415) 348-8333
6
7  Arnold M. Alvarez-Glasman, SBN 80095
   Andrew L. Jared, SBN 216935
8  ALVAREZ-GLASMAN & COLVIN
   13181 Crossroads Parkway, North
9  Suite 400 – West Tower
   City of Industry, CA 91746
10 Telephone: (562) 699-5500
   Facsimile: (562) 692-2244
11
12 Attorneys for Plaintiff CITY OF POMONA
13
14
15            IN THE UNITED STATES DISTRICT COURT
16          FOR THE CENTRAL DISTRICT OF CALIFORNIA
17
18 CITY OF POMONA,                    )  Case No.  11-CV-00167-RGK
                                      )
19            Plaintiff,              )  [PROPOSED] FIRST AMENDED
                                      )  COMPLAINT FOR DAMAGES
20                                    )  AND OTHER RELIEF:  (1) STRICT
                                      )  PRODUCTS LIABILITY (DESIGN
21        vs.                         )  DEFECT)
                                      )
22                                    )
   SQM NORTH AMERICA                  )
23 CORPORATION,                       )  Judge:  Hon. R. Gary Klausner
                                      )  Pretrial Conference:  January 3, 2011
24            Defendant.              )  Trial Date:  January 10, 2011
                                      )
25                                    )
                                      )
26 _____  )
27
28

                                    1
            FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

1   Plaintiff City of Pomona hereby alleges as follows, based on information
2   and belief and investigation of counsel:

3   ## I.   SUMMARY OF THE CASE

4   1.   Plaintiff CITY OF POMONA ("Plaintiff") owns and operates a public
5   drinking water system that provides drinking water to residents and businesses in
6   and around Pomona, California.  Plaintiff seeks to recover by this action the
7   substantial costs necessary to protect the public and restore its damaged drinking
8   water supply, which is contaminated by the toxic chemical perchlorate.

9   2.   Perchlorate is a toxic substance that is a contaminant and/or impurity
10  in certain commercial fertilizer products.  Fertilizer products containing
11  perchlorate were applied, released, discharged and/or disposed of in the vicinity of
12  certain drinking water production wells owned and operated by Plaintiff.
13  Perchlorate has migrated through the subsurface and into the groundwater, and
14  now contaminates the drinking water pumped from Plaintiff's wells.

15  3.   The defendant in this action is the importer and distributor of the
16  perchlorate-containing fertilizer products ("Fertilizer Products") that caused the
17  contamination of Plaintiff's drinking water supply.

18  4.   Plaintiff files this lawsuit to recover compensatory and all other
19  damages, including all necessary funds to reimburse Plaintiff for the costs of
20  designing, constructing, installing, operating and maintaining the treatment
21  facilities and equipment required to comply with California safe drinking water
22  laws and to remove perchlorate from its drinking water supplies, and to ensure that
23  the responsible parties bear such expense, rather than Plaintiff and its ratepayers.

24  ## II.   THE PARTIES

25  5.   Plaintiff is a municipal corporation that owns and operates a public
26  drinking water system that includes, among other elements, drinking water
27  production wells that draw from one or more groundwater aquifers and associated
28  pumping, storage, treatment and distribution facilities and equipment, all of which

1    will be referred to collectively in this complaint as Plaintiff's "Water System."

2    Plaintiff's Water System provides potable water to residents and businesses in and

3    around Pomona, California. Among other things, Plaintiff's Water System

4    includes the right of Plaintiff to appropriate and use groundwater for drinking

5    water supplies from its wells. Plaintiff has a significant property interest in the

6    waters it appropriates and uses from its wells. The past, present and continuing

7    contamination of such waters by perchlorate constitutes injury to such waters for

8    which Plaintiff is entitled to, and hereby does, seek damages and other appropriate

9    relief.

10        6.    Defendant SQM NORTH AMERICA CORPORATION ("SQMNA"

11   or "Defendant"), a wholly owned subsidiary of Sociedad Quimica y Minera de

12   Chile S.A. ("SQM"), also known as Chilean Nitrate Sales Corporation, is a New

13   York corporation with its principal place of business in Atlanta, Georgia, which at

14   all times relevant to this action was doing business in California. SQMNA

15   imported, marketed, promoted, distributed, sold (directly or indirectly), applied,

16   discharged, disposed of, and/or released the products containing the perchlorate

17   that contaminates Plaintiff's wells and water supply.

18        7.    SQMNA is the distributor of the Fertilizer Products that caused the

19   contamination of Plaintiff's drinking water supply.

20        8.    When reference is made in this complaint to any act or omission of

21   the Defendant, it shall be deemed that the officers, directors, agents, employees or

22   representatives of the Defendant committed or authorized such act or omission, or

23   failed to adequately supervise or properly control or direct their employees while

24   engaged in the management, direction, operation or control of the affairs of

25   Defendant, and did so while acting within the scope of their duties, employment or

26   agency.

27   //

28   //

### III.   JURISDICTION AND VENUE

9.     The United States District Court for the Central District of California has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

10.     This Court has jurisdiction over Defendant because, based on information and belief, it is a corporation or other business that has sufficient minimum contacts in California or otherwise intentionally avails itself of the California market either through the distribution or sale of products containing perchlorate in the State of California or by having a manufacturing, distribution or other facility located in California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

11.     Venue is proper in the United States District Court for the Central District of California because the damaged property at issue in this lawsuit is located in Los Angeles County.

### IV.   ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

12.     Perchlorate is a naturally occurring component of sodium nitrate, a substance found in the Atacama Desert of Chile.  SQM for many years has mined and continues to mine perchlorate-containing sodium nitrate in Chile for use in its Fertilizer Products, which it then exports to countries around the world, including the United States, for industrial and domestic agricultural uses.

13.     Perchlorate was an unnecessary impurity in the Fertilizer Products that neither added materially to the Products' effectiveness as fertilizers nor provided any other benefit as an ingredient in the Products.

14.     Perchlorate has unique characteristics that cause extensive environmental contamination and a corresponding threat to the public health and welfare.  In particular, perchlorate does not readily adsorb (i.e., stick) to soil particles.  Rather, once it is applied, discharged, disposed of or otherwise released into or onto land, it is readily transported through the subsurface and into

FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

groundwater. In addition, perchlorate is known to be persistent, i.e. it does not readily biodegrade or chemically degrade naturally in the subsurface. There is a lengthy delay, based on site specific factors, between the time products containing perchlorate are released into the subsurface environment and the time perchlorate accumulates in groundwater in sufficient quantities and locations to contaminate public drinking water resources. In short, perchlorate migrates readily through soil and groundwater, resists natural degradation, and is difficult and costly to remove from groundwater.

15. Perchlorate presents a significant threat to public health and welfare. Perchlorate is known to inhibit iodide transport into the thyroid gland, which is essential for normal growth and development of many body systems including the brain. The decrease in iodide uptake can lead to permanent neurodevelopmental deficits.

16. No federal or state agency has approved perchlorate as an additive to drinking water. No federal or state agency has approved releasing or discharging perchlorate to groundwater.

17. At all times relevant to this action the manufacturers of the Fertilizer Products could have removed or substantially reduced the levels of perchlorate impurity in the product, but failed to do so.

18. Perchlorate has been detected in varying amounts at varying times in water extracted from Plaintiff's existing wells.

19. The injuries to Plaintiff caused by Defendant's conduct as alleged herein constitute an unreasonable interference with, and damage to, the limited subterranean supply of fresh drinking water on which Plaintiff's Water System depends. Plaintiff's interest in protecting the quality of its limited drinking water supply constitutes a reason personal for seeking damages sufficient to restore such drinking water supply to its pre-contamination condition.

20. At all times relevant to this action:

(a) Defendant sold, exchanged, supplied, distributed, delivered or otherwise provided (directly or indirectly) Fertilizer Products to third parties such as farmers.  Such sales, exchanges, supplies, distributions, deliveries and/or other provisions of Fertilizer Products to third parties occurred over time.

(b) Fertilizer Products purchased or otherwise acquired (directly or indirectly) from the Defendant by third parties were applied, discharged, disposed of or otherwise released into or onto lands in the vicinity of Plaintiff's Water System.  Such applications, discharges, disposals and/or releases of perchlorate occurred at various times, in varying quantities and in different locations.

(c) Perchlorate takes time to migrate from points of application, discharge, disposal and/or release to locations within the subsurface at which it has an appreciable impact on groundwater.  Perchlorate has over time migrated in the subsurface from various application, discharge, disposal and/or release points at or near the surface on lands in the vicinity of Plaintiff's Water System, causing pollution, contamination, and substantial and continuing damage to the drinking water supply of Plaintiff's Water System, causing appreciable injury to Plaintiff and damaging Plaintiff at such times and in amounts to be proved at trial.

21.   At all times relevant to this action, Fertilizer Products imported and/or sold by Defendant caused and/or contributed to the perchlorate contamination alleged herein.

22.   At all times relevant to this action, the Fertilizer Products purchased or otherwise acquired by third parties were Fertilizer Products imported, marketed, distributed and/or sold by the Defendant named herein.

FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

23.     Defendant is jointly and severally liable for the damages alleged herein.

## FIRST CAUSE OF ACTION

### (Strict Products Liability Based On Defective Design Against SQMNA)

24.     Plaintiff realleges each of the preceding paragraphs, and by this reference incorporates each such paragraph as though set forth in full.

25.     SQMNA imported, promoted, marketed, distributed, and/or sold Fertilizer Products.

26.     SQMNA knew that third parties such as farmers would purchase such Fertilizer Products and use them without inspection for defects.

27.     Fertilizer Products purchased or otherwise acquired (directly or indirectly) from SQMNA by third parties such as farmers were applied, discharged, disposed of, or otherwise released into or onto lands in the vicinity of Plaintiff's Water System.

28.     The Fertilizer Products purchased by third parties were used in a reasonably foreseeable manner and without substantial change in the condition of such products.

29.     SQMNA knew, or should have known, that use of the Fertilizer Products in their intended manner would result in the discharge, disposal, or release of perchlorate into or onto land.

30.     The Fertilizer Products used in the vicinity of Plaintiff's Water System were defective in design and unreasonably dangerous products because, among other things:

(a)     Perchlorate causes extensive groundwater contamination when it, or products containing it, are released to or placed into the subsurface.

FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

       (b)     Perchlorate poses significant threats to the public health and welfare and the environment.

       (c)     Defendant failed to conduct reasonable, appropriate, or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of perchlorate.

       (d)     Perchlorate was an unnecessary contaminant that neither adds materially to the effectiveness of the Products nor provides any other benefit as an ingredient of the Products.

31. At all times relevant to this action, the Fertilizer Products were dangerous to an extent beyond that which would be contemplated by the ordinary consumer, and/or the risk of harm to public health and welfare and the environment posed by perchlorate outweighed the cost to Defendant of reducing or eliminating such risk.

32. As a direct and proximate result of the defects previously described, Plaintiff's wells and water supply have been, and continue to be, contaminated with perchlorate, causing Plaintiff significant injury and damage.

33. As a direct and proximate result of SQMNA's acts and omissions as alleged herein, Plaintiff has incurred, is incurring, and will continue to incur, investigation, treatment, remediation, and monitoring costs and expenses related to the perchlorate contamination of Plaintiff's Water System in an amount to be proved at trial.

34. SQMNA is strictly, jointly and severally liable for all such damages, and Plaintiff is entitled to recover all such damages in this action.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereafter.

//

//

//

FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a trial of this Action before a jury, and that, upon a favorable verdict, this Court enter judgment in favor of Plaintiff and against Defendant, jointly and severally, as follows:

    a.    An award of compensatory damages according to proof; and

    b.    Such other further relief as the Court may deem just and proper.

DATED:  November 3, 2011        Respectfully submitted,

By:   /s/   *Todd E. Robins*
Victor M. Sher
Todd E. Robins,
Esther L. Klisura
Jed. J. Borghei
SHER LEFF, LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 348-8300
Facsimile: (415) 348-8333

Arnold M. Alvarez-Glasman, SBN 80095
Andrew L. Jared, SBN 216935
ALVAREZ-GLASMAN & COLVIN
13181 Crossroads Parkway, North
Suite 400 – West Tower
City of Industry, CA 91746
Telephone: (562) 699-5500
Facsimile: (562) 692-2244

Attorneys for Plaintiff CITY OF POMONA

FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF