# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-00167-RGK-JEM | Date | July 11, 2023 |
|---|---|---|---|
| Title | *City of Pomona v. SQM North America Corporation* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order to Show Cause Whether Remittitur is Appropriate**

In 2011, the City of Pomona ("Plaintiff") sued SQM North America Corporation ("Defendant"), alleging products liability for a design defect in Defendant's fertilizer that contaminated Plaintiff's drinking water with perchlorate. After the third trial in this matter, in 2021, a jury found Defendant liable and awarded Plaintiff $48,128,378. (ECF No. 744.) At the close of trial, Defendant renewed its Motion for Judgment as a Matter of Law or a New Trial, arguing that the jury's liability finding was unsupported by the evidence and that the jury's damages award was excessive and necessitated either remittitur or a new trial. (ECF No. 746.) The Court denied Defendant's motion, holding that the jury verdict was supported by the evidence. (ECF No. 749.) Specifically, the Court found that the damages award was supported by the testimony of two of Plaintiff's experts, Peter Von Bucher and Dr. Robert Trussell. Von Bucher testified that damages amounted to $30,280,802 based on "very conservative assumptions." Meanwhile, Dr. Trussell testified that Plaintiff would spend $1,884,273 annually, which multiplied by Von Bucher's 40-year estimate, would exceed $75 million. Based on this evidence, the Court found that a reasonable jury could have awarded the $48 million verdict.

On appeal, the Ninth Circuit agreed with this Court that the jury's liability finding was supported by the evidence. *City of Pomona v. SQM N. Am. Corp.*, 2023 WL 3143688, at *1 (9th Cir. Apr. 28, 2023). However, the Ninth Circuit disagreed that Von Bucher and Trussell's testimony supported the full $48 million award in the manner the Court described. *Id.* at *3–4. Rather, the Ninth Circuit found that their testimony supported only the $30 million that Von Bucher estimated. *Id.* at *4. The Ninth Circuit explained:

> . . . [T]he district court did not provide reasons supported by the evidence to uphold the jury's damages award in denying SQMNA's motion for a new trial or remittitur. We believe the district court is in the best position to evaluate the evidence,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00167-RGK-JEM | Date | July 11, 2023 |
|---|---|---|---|
| Title | *City of Pomona v. SQM North America Corporation* | | |

and on remand, it may determine that the evidence supports the jury's award for reasons other than those the district court previously gave.

If the district court concludes the award is unsupported, it may order remittitur or a new trial. In the event that a new trial is necessary, we remind the district court that it may order a new trial limited to damages if it determines "the issue of damages is so distinct and independent of the others . . . that it can be separately tried." Because we find no error in the jury's liability determination, we suggest the district court consider this option.

*Id.* (internal citations omitted). The Ninth Circuit accordingly reversed and remanded the matter back to this Court.

In light of the Ninth Circuit's ruling, the Court ordered the Parties to show cause in writing whether the jury's award was supported by the evidence, or if either remittitur or a new trial on damages is appropriate. The Parties submitted briefs in response. Defendant argues that the jury award was unsupported by the evidence and that a new trial is necessary because Plaintiff made misleading statements rendering the jury verdict a "product of passion and prejudice." Defendant thereby argues that the Court must order a new trial on *both* liability and damages.

The Court disagrees. The Ninth Circuit found that the jury's finding of liability was adequately supported, and that Von Bucher and Dr. Trussell's testimony established at least $30 million in damages. While the jury awarded significantly more, even if Plaintiff made misleading statements, the Court cannot conclude that these issues warrant retrial on damages or liability. The cases Defendant cites, mostly from outside this circuit, do not persuade the Court otherwise.[1]

Having found that a new trial is not appropriate, the Court now turns to the question of whether to award the full $48 million verdict or to offer remittitur. Plaintiff argues that the Court should once

---

[1] Defendant relies upon a single case from this district, arguing that it stands for the proposition that a court should order a new trial when an attorney's misleading statement potentially had a prejudicial effect on the jury's damages calculation. *See Doherty v. State Farm Gen. Ins. Co.*, 2022 WL 2230123 (C.D. Cal. Jan. 11, 2022). Defendant misstates the holding. *Doherty* found a new trial necessary due to an extraordinary $3,000,000 award for emotional distress despite plaintiff's complete and total lack of evidence. *Id.* at *5. While the court noted that it was also "troubled" by plaintiff's statements during closing argument, it expressly "decline[d] to find that a new trial [was] warranted because of attorney misconduct." *Id.* at *6. The Court similarly declines to order a new trial here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-00167-RGK-JEM | Date | July 11, 2023 |
|---|---|---|---|
| Title | *City of Pomona v. SQM North America Corporation* | | |

more uphold the verdict, theorizing that the jury could have reached at least $48 million in one of three ways:

(1) Von Bucher testified that it would cost Plaintiff $1.33 million[2] annually to treat water for perchlorate. Another expert, Dr. Stephen Wheatcraft, testified that treatment began in 2011 and would continue until 2051—a period of 40 years. The jury could have multiplied the $1.33 million by 40 years to reach $53.2 million.
(2) Plaintiff spent an additional $8.5 million to install a treatment plant. The jury could have multiplied the $1.33 million/year by the 30 years of treatment remaining as of 2021, then added the $8.5 million to reach $48.4 million.
(3) Von Bucher also testified that Plaintiff would spend $56.3 million purchasing water to cover its anticipated water needs. The jury could have relied on this figure.

(Pl.'s Resp. to Show Cause Order 5–8, ECF No. 798.)

Defendant does not address any of these theories, having spent most, if not all of its response arguing in favor of a new trial without offering any alternative argument for remittitur. Accordingly, the Court **ORDERS** Defendant to **SHOW CAUSE IN WRITING** by July 18, 2023, whether remittitur is appropriate. Defendant's filing must be no more than ten (10) pages in length. Plaintiff may file a reply brief no more than five (5) pages in length by July 24, 2023.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | JRE/sf |

---

[2] Not to be confused with Dr. Trussell's $1.8 million estimate, which the Ninth Circuit found improper because it represented the cost to treat perchlorate *and* nitrate. *City of Pomona.*, 2023 WL 3143688, at *4.